# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER LEVENSON,<br>        Plaintiff, | )<br>)<br>) |
| v | )   2:15-cv-1461<br>) |
| ZEP, INC.,<br>        Defendant. | )<br>)<br>) |

## MEMORANDUM ORDER

On November 6, 2015, Defendant Zep, Inc. ("Zep") filed a timely Notice of Removal of this action (ECF No. 1). The lawsuit had originally been filed by Plaintiff Lester Levenson in the Court of Common Pleas of Washington County, Pennsylvania. Zep asserts that removal jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332. The Court has a duty to inquire, *sua sponte,* into its subject matter jurisdiction whether removal has been challenged or not. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006); *Huber v. Taylor,* 532 F.3d 237, 249 (3d Cir. 2008).

There are two fundamental requirements for removal jurisdiction based on diversity of citizenship: (1) there must be complete diversity of citizenship of the parties; and (2) the amount in controversy must exceed $75,000. In *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009), the Court of Appeals explained: "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Further, the burden is on the removing party to demonstrate that jurisdiction is proper in this court. Thus, a party removing a case to federal court bears the burden of establishing the $75,000 jurisdictional amount by a preponderance of the evidence. 28 U.S.C. § 1446; *Schillaci v. WalMart,* 2012 WL 4056758, at *2 (W.D.Pa. Sept.14, 2012).

Upon review of the Notice of Removal and attachments, the Court concludes that removal is not proper in this instance, and therefore, the Court lacks subject-matter jurisdiction

over this case. The Court will assume that there is complete diversity of citizenship of the parties in this case. However, Zep has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

This is an action for breach of an employment contract. The original Right Track I Sales Trainee Contract, which was attached to Plaintiff's state court Complaint, reflects a salary of $500 per week and a term of twelve (12) months. *See* Paragraphs 3(a), 4. Thus, the total contractual amount at issue is $26,000. The 2014 proposed Representative Agreement (also attached to the state court Complaint), which Levenson allegedly refused to execute, provided for "at will" employment. *See* Paragraph 7. Nothing in the state court Complaint nor the employment contracts reflects a dispute in excess of $75,000.

The Court is aware that Plaintiff has sought unspecified compensatory damages and an amount "in excess of Fifty Thousand ($50,000) Dollars." However, based on the allegations in the Complaint and the actual terms of employment set forth in the contract(s) attached thereto, Zep has failed to establish that the amount in controversy exceeds $75,000. In summary, because removal was not proper under the facts and circumstances of this matter, this Court lacks jurisdiction to hear this case.

AND NOW this 10th day of November, 2015, it is hereby ORDERED, ADJUDGED AND DECREED that this action is hereby **REMANDED** to the Court of Common Pleas of Washington County, Pennsylvania, forthwith. The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Mark C. Stopperich, Esquire**
Email: mcs@msa-fal.com

**Brian D. Balonick, Esquire**
Email: brian.balonick@bipc.com