# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER LEVENSON,<br>   Plaintiff,<br><br>   v<br><br>ZEP, INC.,<br>   Defendant. | )<br>)<br>)<br>) 2:15-cv-1461<br>)<br>)<br>) |

## MEMORANDUM ORDER

On November 6, 2015, Defendant Zep, Inc. ("Zep") filed a Notice of Removal of this action (ECF No. 1). The lawsuit had originally been filed by Plaintiff, Lester Levenson, in the Court of Common Pleas of Washington County, Pennsylvania and alleged a breach and/or wrongful termination of an employment contract. Zep filed a Notice of Removal and asserted that subject-matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 (diversity of citizenship). On November 10, 2015, after reviewing the Complaint and the contract documents attached thereto, the Court determined that the amount in controversy requirement had not been met, and remanded the case to the Court of Common Pleas of Washington County, Pennsylvania.

On November 11, 2015, Zep filed a motion for reconsideration. The Court ordered Plaintiff to file a response on or before November 25, 2015. Despite numerous telephone conferences with chambers, Plaintiff's counsel did not file a response. On April 7, 2016, the parties filed a JOINT STIPULATION REGARDING AMOUNT IN CONTROVERSY (ECF No. 6). The stipulation reflects that the parties have agreed that the amount in controversy exceeds $75,000 "based on a contractual claim alleging $50,000 and a wrongful discharge claim alleging unlimited compensatory damages." The stipulation is not accompanied by an affidavit, declaration or evidence; nor have the parties provided any damages calculation to the Court. The damages theory remains entirely speculative.

In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014), the Supreme Court held that a Notice of Removal need include only a "plausible allegation" that the amount in controversy exceeds $75,000. The *Dart Cherokee* Court also stated, however, that a "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the Court*." *Id*. at 553 (emphasis added). Indeed, the Court has a non-delegable duty to inquire, *sua sponte,* into its subject matter jurisdiction whether removal has been challenged or not. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006); *Huber v. Taylor,* 532 F.3d 237, 249 (3d Cir. 2008).

In this case, the amount in controversy alleged in the Notice of Removal was not plausible and has been questioned by the Court. *See* Memorandum Order of November 10, 2015. Therefore, it is incumbent upon the parties to produce evidence to convince the Court by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *See also Brewer v. Geico*, 2014 WL 241756, at *6 (W.D. Pa. Jan. 22, 2014) (remanding because "Defendant has not submitted evidence to support its belief, as averred in the Notice of Removal (Docket No. 1), regarding the amount in controversy."); *Kelly v. Kelly Services*, 2016 WL 269990 (M. D. Fla. January 22, 2016) (remanding wrongful termination of employment lawsuit and refusing to speculate that alleged damages exceeded $75,000).

A post-removal stipulation as to the amount in controversy is not "evidence." Such a stipulation "is of no legal significance to the court's determination." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002). Instead, courts are to calculate the amount in controversy "based on a reasonable reading of the complaint." *Id*. The Court must be convinced that a reasonable jury could award more than $75,000 in damages. *Id*.

Although four months have elapsed since the Court remanded the case, the parties have failed to advance any evidence as to the amount in controversy and have failed to point to any legal or factual error in the Court's conclusion that alleged damages do not exceed $75,000 – let alone an error of sufficient magnitude to justify reconsideration.  Nevertheless, in an effort to provide the parties with a full opportunity to be heard, the Court will permit one final opportunity for the parties to supplement the record regarding damages.  On or before April 18, 2016, the parties shall file any evidence they desire the Court to consider in ruling on the pending motion for reconsideration.

SO ORDERED this 11th day of April, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Mark C. Stopperich, Esquire**
Email: mcs@msa-fal.com

**Brian D. Balonick, Esquire**
Email: brian.balonick@bipc.com